Contracts; change order at contractor's reguest; eguitable adjustment; proof of deficient plans and specifications necessary for additional eguitable adjustment. — On January 4, 1974 the court issued the following order:
Before Nichols, Judge, Presiding, Kashiwa and Kunzig, Judges.
This case comes before the court on plaintiff’s exceptions to the recommended decision filed May 18,1973 [reported in full at 18 CCF para. 82253], by Trial Judge Eoald A. Hogenson pursuant to Buie 134(b), having been submitted on the briefs and oral argument of counsel. It is a claim for breach of a government contract for fabrication and supply of missile launchers, avoiding applicable disputes clause procedure by showing that the contracting officer neglected or refused to render the decision to which the plaintiff was entitled. By order entered February 22, 1972, we held that further proceedings should be in this court, but that plaintiff was not entitled to judgment simply because of the contracting officer’s failure to decide. Plaintiff must prove its case in this court. In further proceedings before Trial Judge Hogenson, plaintiff still insisted it was entitled to judgment, the only issue being quantum. The trial judge says this was its only contention. However, he makes findings respecting the merits of the claim, holding that it lacks merit.
*737 The court agrees with the opinion of the trial judge as far as it goes. However, it notes that the plaintiff denies having limited its argument as the opinion states. That is, the plaintiff does not agree that its sole argument is that it is entitled to damages simply because the contracting officer failed to issue a timely decision. It also contends that it is entitled to recover on the record, without having to prove that the drawings and specifications were deficient, or that the Forward Track could not be fabricated to meet the requirements of the drawings and specifications without the addition of the homogenization treatment.
The defendant issued a change order at plaintiff’s request, calling for homogenization of the Forward Track after the plaintiff reported difficulty in meeting specifications without homogenization. It allowed in the change order a price increase for the homogenization, with a provision that the agreed price increase was the entire equitable adjustment to which plaintiff was entitled. In the circumstances, the court is of the opinion that the plaintiff is not entitled to a further equitable adjustment unless it can prove the plans and specifications were deficient, before the change order, or that the Forward Track could not be fabricated to meet the requirements of the drawings and specifications without the addition of the homogenization treatment. The case is not as plaintiff would have it, the same as if defendant had ordered homogenization for its own benefit. Here other contractors produced acceptable forward tracks without homogenization and defendant did not desire homogenization, except that plaintiff represented that homogenization would solve its production difficulties. In these circumstances, the change order does not eliminate the proofs the plaintiff would have had to adduce to recover an equitable adjustment in the absence of any change order.
Since the court agrees with the recommended decision of the trial judge, copies of which have been furnished to the parties, it hereby adopts the same, together with the above, as the basis for its judgment in this case.
it is therefore ordered that plaintiff is not entitled to recover and the petition is dismissed.
Plaintiff’s motion for rehearing, etc. denied March 1,1974.